# EXHIBIT "A"

Copy
2183189

IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

KYLAN RODGERS, an individual,  )
        Plaintiff,  )
          )
v.  )  CASE NO. 15C2192
          )  D.C.
DANNY CANTRELL, an individual,  )
STEPHANIE CROSS, an individual,  )  JURY DEMAND
JASON CROSS a/k/a MIKEL KNIGHT, an individual,  )
1203 ENTERTAINMENT, LLC,  )
MDRST MARKETING/PROMOTIONS, LLC,  )
d/b/a MAVERICK DIRT ROAD STREET TEAM,  )
and DOE DEFENDANTS A, B, C, D, and E, being those individuals or business entities who were the owners of the vehicles being operated at the time of the collision and/or the employers of the Plaintiff at the time of the collision and/or who are otherwise responsible for the Plaintiff's damages as alleged herein, and whose identities are unknown to the Plaintiff at this time but who will be added be amendment when ascertained,
          )
        Defendants.  )

## COMPLAINT

COMES NOW Plaintiff, Kylan Rodgers, and asserts this claim for personal injury and states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Kylan Rodgers is over the age of nineteen and a resident of Ringgold, Georgia.

2. Upon information and belief, the Defendant Danny Cantrell (hereafter "Cantrell") is a citizen and resident of Ashland, Kentucky.

3. Upon information and belief, the Defendant Stephanie Cross (hereafter "Cross") is a citizen and resident of Mt. Juliet, Wilson County, Tennessee.

4. Upon information and belief, the Defendant Jason Cross a/k/a Mikel Knight (hereafter "Knight") is a citizen and resident of Mt. Juliet, Wilson County, Tennessee.

5. Upon information and belief, the Defendant 1203 Entertainment, LLC, (hereafter "1203 Entertainment") is a limited liability company formed under the laws of the State of

1

Copy

Tennessee with a principal place of business of 1419 Lebanon Road, Suite B, Old Hickory, Davidson County, Tennessee.

6. Upon information and belief, the Defendant MDRST Marketing/Productions, LLC d/b/a Maverick Dirt Road Street Team d/b/a MDRST, (hereafter "MDRST") is a limited liability company formed in Tennessee and whose principal place of business is 1419 Lebanon Road, Suite B, Old Hickory, Davidson County, Tennessee.

7. Doe Defendants A, B, C, D, and E are those individual persons, firms, corporations, or other entities who were the owners of the vehicles being operated at the time of the collision complained of herein; and/or who were the employers of the Plaintiff, Kylan Rodgers at the time of the collision complained herein; and/or who are otherwise responsible for the for the damages incurred by the Plaintiff and whose true names are otherwise unknown but will be substituted by amendment when ascertained.

8. The accident that forms the basis for this lawsuit occurred in Manila, Dagett County, Utah on or about June 9, 2014.

9. The amount in controversy, exclusive of attorney fees and costs, exceeds the minimum jurisdictional requirements of this Court.

10. Jurisdiction and venue are appropriate in this Court because the State of Tennessee and more specifically Davidson County, Tennessee has the most significant relationship to this cause of action. Jurisdiction and venue are properly situated pursuant to *Tenn. Code. Ann.* § 20-4-101(a) and *Tenn. Code. Ann.* § 16-10-101.

11. This action is filed within one year of the date of the accident on which this complaint is based.

## GENERAL ALLEGATIONS AND STATEMENT OF FACTS

12. On or about June 9, 2014 Plaintiff was working as a member of the Maverick Dirt Road Street Team (MDRST).

13. As such, on or about June 9, 2014 Plaintiff was employed by or controlled by Cross and/or Knight and/or 1203 Entertainment and/or MDRST and/or Doe Defendants A-E.

14. As a member of the MDRST, several times each year, Plaintiff was to meet up with other members of MDRST or of the other Defendants in Davidson County, Tennessee to receive training and instruction and to begin "tours" across various parts of the United States marketing the music of MDRST and/or Cross and/or Knight and/or 1203 Entertainment and/or MDRST and/or Doe Defendants A-E.

15. Upon departing from Davidson County, Tennessee Plaintiff would then travel throughout the United States with other members of the MDRST selling compact discs of the

2

Copy.

music of recording artist Mikel Knight (aka Jason Cross) at the direction of and for the profit of Mikel Knight, 1203 Entertainment, MDRST and/or Doe Defendants A-E.

16. At the conclusion of said "tours," Plaintiff was to return to Davidson County, Tennessee to get paid.

## COUNT ONE:
### (Negligence, Willfulness, Wantonness and/or Recklessness of Defendants)

17. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully recited herein.

18. Plaintiff agreed to participate in the work of Defendants Cross and/or Knight and/or 1203 Entertainment and/or MDRST after said Defendants represented to him that he would be trained, he would be provided a safe environment in which to work, he would be allowed to make music and he would be paid for his labor on behalf of said Defendants.

19. On or about June 9, 2014, Plaintiff was a passenger in a Chevrolet Express Van being driven by Defendant Cantrell in furtherance of the business interests of Defendants Cross and/or Knight and/or 1203 Entertainment and/or MDRST.

20. At said time and place, the Chevrolet Express van was owned or controlled by Cross and/or Knight and/or 1203 Entertainment and/or MDRST, and/or Doe Defendants A-E.

21. On said date, Defendant Cantrell was driving said van in which Plaintiff was a passenger headed east on State Road 44 near mile marker 22 in Dagett County, Utah.

22. At said date and place, Defendants Cross and/or Knight and/or 1203 Entertainment and/or MDRST owed Plaintiff the duty to provide a safe work place.

23. In violation of said duties owed, Defendants Cross and/or Knight and/or 1203 Entertainment and/or MDRST required Defendant Cantrell to operate said van despite the fact that he had become fatigued due to a pattern of inadequate rest and sleep.

24. Moreover, at all times material hereto, it was the duty of the Defendant Cantrell to exercise reasonable care in driving said van.

25. In violation of the Rules of the Road, Defendant Cantrell operated the van at a high rate of speed while fatigued.

26. While Defendant Cantrell was driving the van east on State Road 44, he fell asleep at the wheel and the van crossed the center line, ran off the road to the left, slid down an embankment, rolled onto the driver's side and crashed into a tree.

27. Defendants Cross and/or Knight and/or 1203 Entertainment and/or MDRST and/or Doe Defendants A-E knew or should have known Defendant Cantrell was operating their

3

Copy

van while fatigued but the Defendants allowed or required Cantrell to continue to operate the van while fatigued, and in fact, required or encouraged Cantrell and Plaintiff to work long hours and afforded them little opportunity to obtain regular and restorative sleep.

28. Defendants Cross, Knight, 1203 Entertainment, MDRST and/or Doe Defendants A-E are vicariously liable for the negligent, willful, reckless and/or wanton acts of Cantrell.

29. As a proximate result of one or more of the acts of reckless or malicious or intentional or fraudulent or reckless conduct of the Defendants, Plaintiff suffered injuries including but not limited to the following:

   (a) Plaintiff was caused to be shaken violently and knocked about the vehicle; and was caused to suffer injuries, including but not limited to fractures of his L2-L3-L4 left transverse processes in his lower back; fracture of the right hemisacrum; right sacral zone II fracture; non-displaced left inferior pubic ramus fracture; massive contusions and hematomas of his left flank; head injuries; facial injuries; and a multitude of soft tissue injuries;

   (b) Plaintiff was caused to suffer physical pain and mental anguish and will continue to suffer same in the future.

   (c) Plaintiff has been caused to incur medical expenses and will continue to incur medical expenses in the future.

   (d) Plaintiff has been caused to incur permanent scarring, disfigurement, and has suffers a permanently disability as a result of his injuries;

   (e) Plaintiff has been caused to incur lost wages and will continue to lose wages in the future.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory and punitive damages in such sum as the jury may find to be proper pursuant to the facts and applicable law.

### COUNT TWO:
### (Negligence and Recklessness of Defendant Cantrell)

30. Plaintiff hereby incorporates the foregoing paragraphs by reference as if fully recited herein.

31. Defendant Cantrell was negligent and/or reckless in the following ways:

   (a) failed to operate the vehicle with due care for the safety of Plaintiff;

Copy

Copy.

(b)  failed to operate the vehicle within the prescribed speed limit;

(c)  failed to use due care under the circumstances;

(d)  failed to properly control and maintain the vehicle; and

(e)  operated the vehicle while fatigued.

32. Defendant Cantrell was negligent *per se* and reckless in the following ways:

(a)  He violated Utah Code Ann. Section 41-6a-607 by driving over the posted speed limit, specifically for driving at least 60 miles per hour in a 55 mile per hour zone.

(b)  He violated Utah Code Ann. Section 41-6a-701 by operating the vehicle on the wrong side of the roadway.

(c)  He drove in a willful and wanton disregard for the safety of others in violation of Utah Code Ann. Section 41-6a-528.

(d)  He otherwise failed to use due and reasonable care in the driving of a vehicle so as to avoid injury to other persons in violation of the statutes of the State of Utah.

33. Each of these acts and omissions, singularly or in combination with others, constitutes negligence, negligence per se, and/or recklessness/wantonness/willfulness which proximately caused the injuries of the Plaintiff Rodgers enumerated above.

34. Defendants Cross, Knight, 1203 Entertainment, MDRST, and Doe Defendants A-E are vicariously liable for each of the acts and omissions, singularly or in combination with others, committed by Defendant Cantrell which constitute negligence, negligence per se, and/or recklessness/wantonness/willfulness, and which proximately caused the injuries of the Plaintiff Rodgers enumerated above.

## COUNT THREE:
### (Negligent Entrustment)

35. The Plaintiff hereby incorporates the foregoing material paragraphs as though fully set out herein.

36. Defendants Cross, Knight, 1203 Entertainment, MDRST, and Doe Defendants A-E were the owner(s) of the van being driven by Defendant Cantrell and did negligently and/or wantonly entrust said van to Defendant Cantrell.

37. Defendant Cantrell, was incompetent, reckless, inexperienced and/or impaired to operate said vehicle on the occasion complained of by the Plaintiff.

5

Copy

38. Defendants Cross, Knight, 1203 Entertainment, MDRST, and Doe Defendants A-E knew or by the exercise of reasonable care, should have known that Defendant Cantrell was incompetent, reckless, inexperienced and/or impaired to operate said van on the occasion complained of by the Plaintiff.

39. Defendants Cross, Knight, 1203 Entertainment, MDRST, and Doe Defendants A-E knew or by the exercise of reasonable care, should have known Defendant Cantrell was fatigued from working long hours for the Defendants.

40. The Plaintiff Rodgers was injured and damaged as a proximate consequence of the negligence, wantonness, recklessness, incompetence, inexperience and/or impairment of the Defendant Cantrell in concurring with the negligent and/or wanton entrustment of the vehicle to him by Defendants Cross, Knight, 1203 Entertainment, MDRST, and Doe Defendants A-E.

41. As a further proximate result and consequence of the said negligent and/or wanton entrustment by Defendants Cross, Knight, 1203 Entertainment, MDRST, and Doe Defendants A-E the Plaintiff was caused to be injured and damaged as enumerated above.

## COUNT FOUR:
### (Negligent Supervision/Hiring/Training)

42. Plaintiff hereby incorporates by reference each previously stated material paragraph as if fully restated herein.

43. On or about June 9, 2014, the Defendant Cantrell, acting as an employee and or agent of Defendants Cross, Knight, 1203 Entertainment, MDRST, and/or Doe Defendants A-E did negligently, wantonly, and/or recklessly operate the van owned by Defendants Cross, Knight, 1203 Entertainment, MDRST, and/or Doe Defendants A-E causing it to go off the roadway, down an embankment, flipping and colliding with a tree, injuring Plaintiff Rodgers, a passenger in the subject van.

44. On such date and prior thereto the Defendant Cantrell was unqualified, incapable, incompetent, or impaired, to operate the vehicle owned by Defendants Cross, Knight, 1203 Entertainment, MDRST, and/or Doe Defendants A-E.

45. Defendants were aware or should have been aware that Defendant Cantrell was unqualified, incapable, incompetent, or impaired to operate the vehicle yet negligently, wantonly, and/or recklessly hired, trained, employed, and/or supervised Defendant Cantrell.

46. As a direct and proximate result of the negligent, wanton, and/or reckless hiring, training, employment and/or supervision of Defendants Cross, Knight, 1203 Entertainment, MDRST, and/or Doe Defendants A-E, the Plaintiff was caused to be injured and damaged as enumerated above.

## COUNT FIVE:
### (Fraud)

47. Plaintiff hereby incorporates by reference each previously stated material paragraph as if fully restated herein.

48. Defendants Cross, Knight, 1203 Entertainment, MDRST represented to Plaintiff that he would, by participating in an enterprise with them, earn money by selling and making music.

49. Defendants made said representations to Plaintiff with knowledge that they were false but with the intent that Plaintiff rely upon them.

50. As a proximate result of Plaintiff's reliance on the material, but false, representations of the Defendants, Plaintiff was injured and damaged.

## COUNT SIX:
### (FLSA Violation)

51. Plaintiff realleges all prior paragraphs as if fully set out here.

52. During the times relevant to the Complaint, the Defendants employed more than two employees and generated more than $500,000 in revenues.

53. Defendants were at all relevant time subject to the Fair Labor Standards Act ("FLSA").

54. At all relevant times the Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods in commerce, within the meaning of FLSA 29 U.S.C. §§ 206 (a) and 207 (a).

55. The Defendants employed the Plaintiff as an employee within the meaning of FLSA § 203.

56. The FLSA provides that, with certain exceptions, employers must pay employees minimum wages for all compensable hours worked and overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. §§ 206, 207 (a)(1).

57. Although the FLSA provides for certain exemptions to the mandates of paying minimum wages and overtime compensation, no exemption applies to the instant matter.

58. Plaintiff was employed by Defendants from August 2013 through June 2014.

59. From August 2013 through June 2014, Plaintiff routinely worked at least 45 hours per week for Defendants. During this time, Plaintiff was not paid based on the number of hours worked.

7

Copy

60. Defendants did not pay overtime compensation for any of the hours worked in excess of 40 per week from August 2013 through June 2014 in violation of 29 U.S.C. § 207.

61. Defendants have not inquired with the Department of Labor seeking to establish or affirm that its pay practices were in compliance with the FLSA.

62. Defendants have not inquired with private legal counsel seeking to affirm that its pay practices were in compliance with the FLSA.

63. Due to Defendants' violation of the FLSA, Plaintiff has suffered damages and is entitled to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs pursuant 29 U.S.C. § 216 (b).

64. Defendants had a policy and practice of refusing to pay overtime compensation due to its employees for hours worked in excess of 40 per week.

65. The above conduct was willful as to bring Defendants under the FLSA's three-year statute of limitations.

## COUNT SEVEN:
### (Intentional Infliction of Emotional Distress)

66. The Plaintiff hereby incorporates the foregoing material paragraphs as though fully set out herein.

67. At all times material hereto, the conduct referenced hereinabove directed to Plaintiff by the Defendants was intentional or reckless.

68. The conduct of the Defendants directed to Plaintiff was so outrageous that it is not tolerated by civilized society.

69. As a proximate result of the Defendants' conduct toward Plaintiff, Plaintiff suffered a serious mental injury.

## COUNT EIGHT:
### (Doe Defendants)

70. The Plaintiff hereby incorporates the foregoing material paragraphs as though fully set out herein.

71. Plaintiff further avers that the negligence and/or wantonness of the Doe Defendants A thru E concurred with the negligence and/or wantonness of the other Defendants to proximately cause the injuries of the Plaintiff as set forth above.

8



## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants Cantrell, Cross, Knight, 1203 Entertainment, MDRST, Doe Defendants A-E, separately and severally for all causes of actions listed above as follows:

(a) Damages as set forth above, in an amount to be proven at trial, and including, without limitation, past and future economic and non-economic damages for medical expenses, pain and suffering, loss of enjoyment of life, loss of income, disability, loss of earning capacity, and scarring/disfigurement;

(b) Interest on judgment damages at the legal rate;

(c) prejudgment interest on plaintiff's damages as allowed by law;

(d) costs of bringing this action, including filing fees, court costs, and other chargeable costs; and

(e) Such other and further relief as the court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by struck jury.

Tracy W. Cary BPR No. 022614

Respectfully submitted on this the 4th day of June, 2015.

MORRIS, CARY, ANDREWS
TALMADGE, & DRIGGERS, LLC

Tracy W. Cary BPR No. 022614
Attorney for Plaintiff
P.O. Box 1649
Dothan, Alabama 36302
(334) 702-0000 phone
(334) 673-0077 fax
tcary@mcatlaw.com

9

Copy.

## COST BOND

I, Kylan Rodgers, 195 Dodd Road, Ringgold, GA, Principal and Tracy W. Cary, Esq., 3334 Ross Clark Circle, Dothan, AL 36303, as Surety, are held and firmly bound unto the Circuit Court Clerk of Davidson County, Tennessee, for the payment of all costs awarded against the Principal. To that end, we bind ourselves, our heirs, our executors and administrators.

The Principal is commencing a legal proceeding in the Circuit Court of Davidson County, Tennessee. If the Principal shall all costs which are awarded against him, this obligation is void. If the Principal fails to pay, then the Surety shall undertake to pay all costs adjudged against the Principal. Mandated at *Tenn. Code Ann.* 20-12-120 *et seq.*

Kylan Rodgers, Principal
195 Dodd Road
Ringgold, GA

Tracy W. Cary, Surety
3334 Ross Clark Circle
Dothan, Alabama 36303
334-702-0000

10

Copy

## PLEASE SERVE DEFENDANTS AS FOLLOWS:

### Via Certified Mail:

Danny Cantrell
2612 Newman Street
Ashland, Kentucky 41101

### Via Process Server

Stephanie Cross
1916 Hobart Way
Mount Juliet, TN 37122-7527

Jason Cross aka Mikel Knight
1916 Hobart Way
Mount Juliet, TN 37122-7527

1203 Entertainment, LLC
1222 16th Avenue South, Suite 26
Nashville, Tennessee 37212-2926

MDRST Marketing/Promotions, LLC
1222 16th Avenue South, Suite 26
Nashville, Tennessee 37212-2926

Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

15 JUN -5 PM 12: 43

[X] First
[ ] Alias
[ ] Pluries

KYLAN RODGERS

CIVIL ACTION
DOCKET NO. 15C2192

_____ D.C.

Plaintiff

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[X] (Certified Mail)
[X] Personal Service
[ ] Commissioner of Insurance

Vs.

DANNY CANTRELL
2612 NEWMAN STREET
ASHLAND, KENTUCKY 41101

Defendant

D I w/c, int & reg

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 6-5-15

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | TRACY W. CARY |
|---|---|
| | PO BOX 1649, DOTHAN, ALABAMA 36302 |
| | Address |
| | 334-792-1420 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
SHERIFF

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT-5 PM 12:50

[X] First
[ ] Alias
[ ] Pluries

KYLAN RODGERS

CIVIL ACTION DOCKET NO. 15C2192
D.C.

Plaintiff

Vs.

STEPHANIE CROSS
1916 HOBART WAY
MOUNT JULIET, TN 37122-7527

Defendant

Method of Service:
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[ ] Certified Mail
[X] Personal Service
[ ] Commissioner of Insurance

Da w/c, interes

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 6-5-15

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | TRACY W. CARY |
| --- | --- |
| | PO BOX 1649, DOTHAN, ALABAMA 36302 |
| | Address |
| | 334-792-1420 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20___.

_____
SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

| CIRCUIT COURT SUMMONS | | NASHVILLE, TENNESSEE |
|---|---|---|

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT** -5 PM 12: 51

[X] First
[ ] Alias
[ ] Pluries

KYLAN RODGERS

CIVIL ACTION DOCKET NO. 15C2192
U.C.

Plaintiff

Vs.

JASON CROSS aka MIKEL KNIGHT
1916 HOBART WAY
MOUNT JULIET, TN 37122-7527

Defendant

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[ ] Certified Mail
[X] Personal Service
[ ] Commissioner of Insurance

D 3 w/c, int è reg

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 6-5-15

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | TRACY W. CARY |
|---|---|
| | PO BOX 1649, DOTHAN, ALABAMA 36302 |
| | Address |
| | 334-792-1420 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
SHERIFF

 To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

**STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT**

[X] First
[ ] Alias
[ ] Pluries

KYLAN RODGERS

CIVIL ACTION DOCKET NO. 15C2192

Plaintiff

Vs.

1203 ENTERTAINMENT, LLC

1222 16TH AVENUE SOUTH, SUITE 26

NASHVILLE, TN 37212-2926

Defendant

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[ ] Certified Mail
[X] Personal Service
[ ] Commissioner of Insurance

D4 w/c, int & req

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 6-5-15

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____ Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | TRACY W. CARY |
| --- | --- |
| | PO BOX 1649, DOTHAN, ALABAMA 36302 |
| | 334-792-1420 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

| CIRCUIT COURT SUMMONS | NASHVILLE, TENNESSEE |

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

PH 12:54

[X] First
[ ] Alias
[ ] Pluries

KYLAN RODGERS

CIVIL ACTION DOCKET NO. 15C2192
D.C.

**Plaintiff**

Vs.

MDRST MARKETING/PROMOTIONS, LLC

1222 16TH AVENUE SOUTH, SUITE 26

NASHVILLE, TN 37212-2926

**Defendant**

Method of Service:
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[ ] Certified Mail
[X] Personal Service
[ ] Commissioner of Insurance

D5 W/C, int & cos

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 6-5-15

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | TRACY W. CARY |
| | PO BOX 1649, DOTHAN, ALABAMA 36302 |
| | Address |
| | 334-792-1420 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.