UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KYLAN RODGERS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) NO. 3:15-cv-00788 |
| | ) JUDGE CRENSHAW |
| DANNY CANTRELL, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiffs' Motion to Remand. (Doc. No. 54.) For the reasons discussed herein, Plaintiffs' motion is **GRANTED**.

Kylan Rodgers originally filed this action in the Circuit Court for Davidson County, Tennessee against: Danny Cantrell; Stephanie Cross; Jason Cross a/k/a Mikel Knight; 1203 Entertainment, LLC ("1203 Entertainment"); MDRST Marketing/Productions, LLC d/b/a Maverick Dirt Road Street Team d/b/a MDRST ("MDRST"); and five Doe Defendants. (Doc. No. 1-1 at 1-2.) Plaintiff asserted that Defendants violated the overtime-pay provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), as well as six Tennessee state law claims. (Id. at 3-8.)

Shannon Baseman as the duly appointed Wrongful Death Representative of the Estate of Taylor Nixon ("Nixon"), and Donna Taylor as the duly appointed Personal Representative of the Estate of Robert Underfinger, III ("Underfinger"), originally filed Baseman et al. v. Hoskins et al., No. 3:15-cv-00789, in the Circuit Court for Davidson County, Tennessee against Jason Cross a/k/a Mikel Knight, Justin Hoskins, Stephanie Cross, 1203 Entertainment, MDRST, and five Doe Defendants. Baseman et al. v. Hoskins et al., No. 3:15-cv-00789, ECF No. 1-1 (M.D. Tenn. July

17, 2015). Nixon and Underfinger also asserted that Defendants violated the overtime-pay provisions of the FLSA as well as six Tennessee state law claims. (Id. at 3-12.)

On July 17, 2015, MDRST filed a notice of removal. (Doc. No. 1.) That same day, 1203 Entertainment filed a notice of removal in Baseman et al. v. Hoskins et al., No. 3:15-cv-00789. ECF No. 1 (M.D. Tenn. July 17, 2015). Both MDRST and 1203 Entertainment asserted federal question jurisdiction on the basis of the FLSA claims and supplemental jurisdiction over the state law claims.

On September 22, 2015, Baseman et al. v. Hoskins et al., No. 3:15-cv-00789, was consolidated with this action. (Doc. No. 26.)

On March 10, 2016, Rodgers, Nixon, and Underfinger filed an Amended Complaint against Danny Cantrell, Justin Hoskins, Stephanie Cross, Jason Cross a/k/a Mikel Knight, 1203 Entertainment, MDRST, and five Doe Defendants. (Doc. No. 37 at 2.) The Amended Complaint only asserts four Tennessee state law claims. (Id. at 5-10.)

On March 13, 2017, the Court issued an order to show cause instructing Defendants 1203 Entertainment, LLC and MDRST Marketing/Promotions, LLC to provide the citizenship of each of their members and sub-members to determine whether there is diversity of citizenship. (Doc. No. 73.) 1203 Entertainment and MDRST have not responded to the Court's order.

Plaintiff argues that the Court "lacks original subject matter jurisdiction over the Amended Complaint because the Fair Labor Standard Act claims have been abandoned. Defendant's removal jurisdiction is now limited to diversity of citizenship." (Doc. No. 54 at 2.) However, "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 210 (6th Cir. 2004) (citing Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 758 (6th Cir. 2000)). The Court had

original jurisdiction over this action at the time of removal because the FLSA claim established federal question jurisdiction. See id. at 211. However, the Court lacks diversity jurisdiction because Defendants 1203 Entertainment and MDRST have not proven diversity of citizenship. Without the FLSA claim original jurisdiction has evaporated. Thus, whether the Court remands Plaintiffs' Tennessee state law claims is a matter of whether it chooses to exercise supplemental jurisdiction over the claims. Id. at 210-11.

The Court may decline to exercise supplemental jurisdiction if it dismisses "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Court may do so even where a plaintiff amends the complaint to remove claims that form the basis of federal question jurisdiction. Packard v. Farmers Ins. Co. of Columbus Inc., 423 F.App'x 580, 584 (6th Cir. 2011) ("Although Plaintiffs subsequently amended their complaint to eliminate federal claims, the dismissal of federal claims from a lawsuit does not deprive courts of supplemental jurisdiction."). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" Gamel v. City of Cincinnati, 625 F.3d 949, 951 (6th Cir. 2010) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." Id. at 952 (quoting Musson Theatrical, Inc. v. Fed. Exp. Corp., 89 F.3d 1244, 1254-55 (6th Cir. 1996)). Factors that weigh in favor of retaining supplemental jurisdiction include (1) if the plaintiff engages in forum shopping, (2) if the parties have completed discovery, or (3) if there are ripe motions for summary judgment. Id. (citing Harper, 392 F.3d at 211-12).

Here, the Court exercises its "broad discretion" and declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. See Smith v. Erie Cnty. Sheriff's Dept., 603 F.App'x 414, 424 (6th Cir. 2015) ("[A] district court has broad discretion to decide whether to exercise jurisdiction over state law claims."). Unlike in Harper, where the Sixth Circuit held that the district court did not abuse its discretion by retaining jurisdiction over state law claims, this action does not have any ripe motions for summary judgment. See 392 F.3d at 211-12. Defendants argue that judicial economy nonetheless weighs in favor of retaining jurisdiction in part because there is a ripe motion to dismiss and the Court has made "several substantive rulings" in this action, including on Defendants' initial motion to dismiss. (Doc. No. 56 at 9.) However, the Court denied Defendants' initial motion to dismiss as moot in light of its Order allowing Plaintiffs to amend the Complaint and did not address any factual allegations or engage in any substantive analysis. (Doc. No. 38.) Thus, "no dispositive rulings have been issued, litigation costs in state court are lower than in federal court, and the litigants' discovery" can be made available in state court. Packard, 423 F.App'x at 585 (upholding a district court's decision to remand where an action was pending for over three years, discovery was complete, and remand was shortly before trial).

To be sure, it appears to the Court that Plaintiffs have engaged in some degree of forum manipulation, as Plaintiffs amended the Complaint to eliminate the FLSA claims eight months after this action was removed to federal court, and four months after Defendants filed their Motion to Dismiss. The Court is not compelled to retain jurisdiction because Plaintiffs amended the Complaint to remove federal claims. See Gamel, 625 F.3d at 953 (holding that a district court did not abuse its discretion in remanding state law claims to state court where the only factor weighing in favor of retaining supplemental jurisdiction was the plaintiffs' apparent forum manipulation).

The Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" Packard, 423 F.App'x at 584 (quoting Moon v. Harrison Piping Supply, 465 F.3d 719, 728 (6th Cir. 2006)). After weighing the appropriate factors, the Court concludes that this "strong presumption" has not been overcome in this case.

For these reasons, Plaintiffs' Motion to Remand (Doc. No. 54) is **GRANTED** and this action is **REMANDED** to the Circuit Court for Davidson County, Tennessee. Because the Court declines to exercise supplemental jurisdiction on Plaintiffs' state law claims, the Court will not consider Defendants' arguments for their dismissal. Accordingly, Defendants' Motion to Dismiss (Doc. No. 42) is **DENIED AS MOOT WITHOUT PREJUDICE**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE